UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN J. C.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:18-CV-05749-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her consideration of medical opinion evidence from Dr. Wendy R. Eider, M.D., and Dr. Terilee Wingate, Ph.D. Had the ALJ properly considered these opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 3, 2015, Plaintiff filed an application for DIB, alleging disability as of January 31, 2014. *See* Dkt. 9, Administrative Record ("AR") 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 20. ALJ Marilyn S. Mauer held a hearing on April 7, 2017. AR 45-75. In a decision dated September 26, 2017, the ALJ determined Plaintiff to be not disabled. AR 17-41. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider opinion evidence from Drs. Eider and Wingate, as well as Dr. Joseph D. Byus, D.C.; Dr. Daniel Davenport, M.D.; Dr. Barney Greenspan, Ph.D.; and Dr. Robert Vestal, M.D.; (2) provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony, and germane reasons for discrediting lay witness testimony from Plaintiff's husband and the owner of Plaintiff's former employer; and (3) state an RFC assessment and Step Five findings supported by substantial evidence. Dkt. 15, pp. 2-19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly assessed the medical opinion evidence.**

Plaintiff asserts the ALJ failed to properly consider opinion evidence from Drs. Eider, Wingate, Byus, Davenport, Greenspan, and Vestal. Dkt. 15, pp. 3-9.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

    A.    Dr. Eider

Plaintiff contends the ALJ harmfully erred by failing to state her assessment of Dr. Eider's opinion. Dkt. 15, p. 3.

In a treatment note dated March 26, 2014, Dr. Eider assessed Plaintiff with fibromyalgia, "severe pain in her lower back hips and legs," and "associated severe sleep disturbance, fatigue, [and] difficulty with concentration and memory." AR 483. In the plan for Plaintiff's conditions, Dr. Eider opined:

> A medical recommendation is that she continues pacing her activities, take
> frequent rest periods during the day, work on non-medicinal ways to control her

pain. Given the severity of her symptoms and difficulty with concentration and memory I do not recommend she reenter the work force.

AR 483.

The ALJ summarized part of Dr. Eider's treatment note. *See* AR 26. However, the ALJ failed to state how she considered Dr. Eider's recommendation that Plaintiff pace her activities, take frequent rest periods, and not reenter the work force. *See* AR 26. Defendant acknowledges the ALJ failed to state her consideration of Dr. Eider's opinion, but argues any error was harmless because Dr. Eider rendered an opinion on an issue reserved to the Commissioner. Dkt. 19, pp. 13-15.

In the social security context, an error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Further, according to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability – the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). A doctor's statement that a claimant "would be 'unlikely' to work full time" is not a finding on an issue reserved to the Commissioner, and is "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original).

Here, Dr. Eider stated that, considering Plaintiff's condition and symptoms, she "do[es] not recommend [Plaintiff] reenter the work force." AR 483. Dr. Eider also opined Plaintiff should pace her activities and take "frequent rest periods." *See* AR 483. After reviewing Dr. Eider's treatment notes and opinion, the Court concludes Dr. Eider's statement is an assessment of Plaintiff's likelihood of being able to maintain employment based on her treating relationship with Plaintiff, testing of Plaintiff, and Plaintiff's conditions. *See* AR 482-83. Thus, contrary to Defendant's argument, Dr. Eider did not render an assessment on an issue reserved to the Commissioner. *See Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)) (other citations omitted) (Although "'the administrative law judge is not bound by . . . opinions of the claimant's physicians on the ultimate issue of disability,'" she cannot reject an opinion on disability without presenting specific and legitimate reasons supported by substantial evidence.).

In addition, as Dr. Eider stated that she recommended Plaintiff not reenter the workforce, the ultimate disability determination may have changed with proper consideration of Dr. Eider's opinion. Therefore, the ALJ's failure to properly assess Dr. Eider's opinion was not harmless and requires reversal. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (The ALJ "may not reject 'significant probative evidence' without explanation. . . . [Her] written decision must state reasons for disregarding evidence of that nature.").

    B.  <u>Dr. Wingate</u>

Plaintiff moreover challenges the ALJ's consideration of the opinion evidence from examining physician Dr. Wingate. Dkt. 15, pp. 6-7.

On May 27, 2015, Dr. Wingate conducted a psychological evaluation of Plaintiff. AR 493-97. Dr. Wingate's evaluation included reviewing medical records and a function report completed by Plaintiff; reviewing with Plaintiff her personal history, including her psychosocial history, education and work history, substance use, medical history, and psychiatric history; and conducting a mental status examination. *See* AR 495-96. Dr. Wingate diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, and mild to moderate alcohol use disorder. AR 496.

Dr. Wingate opined Plaintiff "is able to understand, remember and learn simple and some complex tasks." AR 497. Plaintiff "has difficulty sustaining attention to tasks throughout a daily or weekly work schedule without interruption from anxiety, depressed mood, fatigue and pain." AR 497. Additionally, Dr. Wingate determined Plaintiff "has poor stress tolerance . . . and when pressures are placed upon her, she will withdraw." AR 497. Dr. Wingate found Plaintiff "has sufficient judgment to avoid hazards and make work decisions" and "can probably work with a supervisor and a few coworkers," but "would probably not work well with a lot of coworkers or the general public." AR 497.

The ALJ assigned "some weight" to Dr. Wingate's opinion:

> [T]he diagnoses are consistent with treating sources and limitation [sic] to noncomplex tasks and no public contact are also consistent. (1) However, speculation that she would have difficulty completing workday is not accepted, as it is based on the claimant's report and (2) not consistent with the claimant's daily activities including handling household finances.

AR 33 (citing AR 495) (numbering added).

First, the ALJ rejected Dr. Wingate's opinion that Plaintiff would have difficulty sustaining attention through a workday or workweek because she found it speculative and based on Plaintiff's reports. AR 33. An ALJ may reject a physician's opinion "if it is based 'to a large

extent' on a claimant's self-reports that have been properly discounted as incredible."
*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). But in any event, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison*, 759 F.3d at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

In this case, the ALJ found part of Dr. Wingate's opinion speculative and based on Plaintiff's report. *See* AR 33. The ALJ failed to provide any explanation, however, as to how she concluded this part of Dr. Wingate's opinion is speculative and based on Plaintiff's reports. *See* AR 33. Given the conclusory nature of the ALJ's statement, this is not a specific, legitimate reason, supported by substantial evidence, to reject Dr. Wingate's opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"); *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings").

Furthermore, mental status examinations are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." *Id.* "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Id.* Because this "is the nature of psychiatry. . . . the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (citations omitted).

In reaching her opinion, Dr. Wingate reviewed medical records, observed Plaintiff, discussed with Plaintiff her personal history, and conducted a mental status examination of Plaintiff. *See* AR 493-96. Additionally, Dr. Wingate did not discredit Plaintiff's subjective reports. Given that Dr. Wingate reviewed medical reports, observed Plaintiff, and conducted objective psychological tests, the ALJ's finding that Dr. Wingate's opinion was based on Plaintiff's report is not supported by substantial evidence.

Moreover, in finding Dr. Wingate's opinion based on Plaintiff's report, the ALJ overlooked objective observations from Dr. Wingate's report which support her opinion. For instance, Dr. Wingate noted that Plaintiff was "tearful" and reported that she "cries a lot throughout the day." AR 494. Plaintiff also reported problems with sleep. AR 494; *see also* AR 496. In the mental status examination, Dr. Wingate remarked that Plaintiff's mood was dysphoric. AR 495. With respect to Plaintiff's major depressive disorder, Dr. Wingate noted Plaintiff was "[s]ad and tearful with sleep and appetite changes." AR 495. Plaintiff had a history of a suicide attempt, "but denied plan or intent at this time." AR 496. Plaintiff "feels hopeless and worthless[.]" AR 496. Regarding Plaintiff's generalized anxiety disorder, Dr. Wingate wrote

that Plaintiff "reported worry and rumination." AR 496. Dr. Wingate observed that Plaintiff "tends to imagine the worst and is agitated and anxious." AR 496.

Hence, in all, the ALJ's first reason for discrediting part of Dr. Wingate's opinion was error because it is conclusory and unsupported by substantial evidence in the record. *See Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed [her] evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. [Her] paraphrasing of record material is not entirely accurate regarding the content or tone of the record."); *see also Buck*, 869 F.3d at 1049.

Second, the ALJ found Dr. Wingate's opinion that Plaintiff would have difficulty sustaining attention throughout a workday or workweek inconsistent with her daily activities, "including handling household finances." AR 33 (citing AR 495). An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). But as explained above, "an ALJ errs when he rejects a medical opinion or assigns it little weight while . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (citation omitted). The ALJ must state her interpretations of the evidence and explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

Here, the ALJ failed to explain how Plaintiff activities, including her ability to "handl[e] household finances," are inconsistent with any part of Dr. Wingate's opinion. *See* AR 33. The ALJ "merely states" this fact "point[s] toward an adverse conclusion" but "makes no effort to relate" this fact to "the specific medical opinions and findings [she] rejects." *See Embrey,* F.2d at 421. "This approach is inadequate." *Id.* Furthermore, Dr. Wingate found Plaintiff capable of

1 handling funds; thus, her ability to handle household finances is not necessarily inconsistent with
2 Dr. Wingate's opinion *See* AR 497. Accordingly, the ALJ's second reason for discounting Dr.
3 Wingate's opinion is not specific and legitimate nor supported by substantial evidence.

4       The ALJ failed to provide any specific, legitimate reason, supported by substantial
5 evidence in the record, for rejecting part of Dr. Wingate's opinion. The RFC and hypothetical
6 questions posed to the vocational expert ("VE") may have further limited Plaintiff with proper
7 consideration of Dr. Wingate's opinion. For instance, the RFC and hypothetical questions may
8 have reflected Dr. Wingate's opinion that Plaintiff has difficulty sustaining attention to tasks
9 throughout a daily or weekly work schedule. *See* AR 497. As the ultimate disability
10 determination may have changed with proper consideration of Dr. Wingate's opinion, the ALJ's
11 error is not harmless.

12       C. <u>Drs. Byus, Davenport, Greenspan, and Wingate</u>

13       Plaintiff challenges the ALJ's assessment of the opinion evidence from Drs. Byus,
14 Davenport, Greenspan, and Wingate. Dkt. 15, pp. 3-6, 9. The Court has found the ALJ harmfully
15 erred in assessing the opinion evidence from Drs. Eider and Wingate and has directed the ALJ to
16 reassess these opinions on remand. As such, the ALJ shall re-evaluate the opinion evidence from
17 from Drs. Byus, Davenport, Greenspan, and Wingate on remand, as necessitated by her new
18 evaluation of Drs. Eider and Wingate.

19       **II.**      **Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony and the lay witness testimony.**
20
21 Plaintiff alleges the ALJ failed to provide legally sufficient reasons to discount the weight
22 given to Plaintiff's testimony and lay witness testimony from her husband and the owner of her
23 former employer. *Id.* at pp. 17-18. The Court has directed the ALJ to reassess medical opinion
24 evidence on remand. *See* Section I., *supra*. As Plaintiff will be able to present new evidence and

testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and the lay witness opinions, the ALJ shall reconsider Plaintiff's subjective symptom testimony and the testimony from her husband and the owner of her former employer on remand.

**III.	Whether the RFC and Step Five findings are supported by substantial evidence.**

Plaintiff maintains the RFC and Step Five findings are not supported by substantial evidence. Dkt. 15, pp. 18-19.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the medical opinion evidence, Plaintiff's testimony, and the lay testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings

1  contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

2  Dated this 29th day of August, 2019.

_David W. Christel_
David W. Christel
United States Magistrate Judge